JUDGE CROTTY

BLANK ROME, LLP
Attorneys for Plaintiffs
GUANGZHOU OCEAN SHIPPING CO.
and COSCO SHIPPING CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
jgreenbaum@blankrome.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUANGZHOU OCEAN SHIPPING CO. and COSCO SHIPPING CO. LTD., <br><br> Plaintiffs, <br><br> -against- <br><br> JINJIANG SHIPPING CO., LTD., TBS LOGISTICS (HK) LTD., and GREAT PACIFIC SHIPPING CO. LTD., <br><br> Defendants. | 08 Civ. 5411 (PAC) <br><br> **VERIFIED COMPLAINT** |

Plaintiffs, GUANGZHOU OCEAN SHIPPING CO. and COSCO SHIPPING CO. LTD. ("Plaintiffs"), their attorneys Blank Rome, LLP, complaining of the above-named Defendants, JINJIANG SHIPPING CO., LTD., TBS LOGISTICS (HK) LTD., and GREAT PACIFIC SHIPPING CO. LTD. ("Defendants"), allege upon information and belief as follows:

1.  This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2.  At all material times, Plaintiffs were and now are foreign corporations with their places of business in Guangzhou, P.R.C. GUANGZHOU OCEAN SHIPPING CO.

("GUANGZHOU") is the registered owner of the M/V LE TAI and COSCO SHIPPING CO. LTD. ("COSCO") is the bare-boat chartered operator of the vessel.

3. At all material times, Defendant JINJIANG SHIPPING CO., LTD. ("JINJIANG") was and is a corporation organized and existing under the laws of Hong Kong, with its registered address at Sino Centre 582-592 Nathan Road, Mongkok, Kowloon, Hong Kong, and with no office or place of business in this Judicial District.

4. At all material times, Defendant TBS LOGISTICS (HK) LTD. ("TBS") was and is a corporation organized and existing under the laws of Hong Kong, with its registered address at Fourseas Building 208-212 Nathan Road, Kowloon, Hong Kong and with no office or place of business in this Judicial District.

5. At all material times, Defendant GREAT PACIFIC SHIPPING CO. LTD. ("GREAT PACIFIC") was and is a corporation organized and existing under the laws of a foreign jurisdiction, with no office or place of business in this Judicial District.

**AS A FIRST CLAIM,
AGAINST JINJIANG AND TBS**

6. On or about April 10, 2006, COSCO, as disponent owner, entered into a contract of affreightment ("C.O.A..") with JINJIANG, as charterer, for the carriage of about 11,000 m.t. of project cargo from Shanghai, PRC to Isdemir, Turkey.

7. On or about April 10, 2006, JINJIANG, as disponent owner, entered into a C.O.A. with TBS, as sub-charterer, for the carriage of the same 11,000 m.t. of project cargo from Shanghai, PRC to Isdemir, Turkey

8. Pursuant to the terms of the respective C.O.A.s, JINJIANG and TBS were to load and stow the cargo.

9. On or about August 26, 2006, a part of the project cargo was loaded on the M/V LE TAI at Shanghai for delivery to Turkey.

10. Part of the cargo was damaged before shipment. Notwithstanding such preshipment damage, TBS issued clean bills of lading without authorization by GUANGZHOU or COSCO.

11. After the cargo was discharged at Turkey, the cargo receivers alleged the cargo was damaged.

12. On or about September 20, 2007, the insurers of the cargo commenced a law suit against GUANGZHOU and TBS in the Shanghai Maritime Court, alleging the cargo was physically damaged and demanding damages in an amount equivalent to US$341,667. GUANGZHOU claims indemnity from COSCO for any such liability GUANGZHOU is adjudicated to owe the cargo interests.

13. If the damage complained of was preshipment damage, then JINGJIANG and TBS are liable to indemnify Plaintiffs for any liability they sustain from the unauthorized issuance of clean bills of lading that did not give transferees of the bills of lading notice of such damage.

14. JINGJIANG is liable to Plaintiffs because the unauthorized issuance of clean bills of lading constituted a breach of the C.O.A. between COSCO and JINGJIANG.

15. TBS is liable to Plaintiffs because its unauthorized issuance of clean bills of lading was tortious and foreseeably caused harm to GUANGZHOU and COSCO as the owner and bareboat chartered operator of the LE TAI.

16. If the cargo was in fact damaged while it was on board the Vessel LE TAI, such damage was due to the poor stowage of the cargo, which was the responsibility and liability of JINGJIANG and TBS.

17. By reason of the premises, Plaintiffs are entitled to indemnification by Defendants for the amount of any liability they may be adjudged to owe the cargo owners or insurers, plus the costs of defending the cargo owners' or insurers' claims.

## AS A SECOND CLAIM, AGAINST GREAT PACIFIC

18. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 17.

19. GREAT PACIFIC is commonly owned and managed with JINJIANG, and the two conduct business as a single business unit, without regard to their respective corporate separateness and integrity. Among other things, GREAT PACIFIC pays money on behalf of JINJIANG to satisfy the latter's debts, including the freights owed to COSCO under its C.O.A. with JINJIANG. JINJIANG and GREAT PACIFIC are alter egoes, and the latter is a paying agent for the former. Therefore, GREAT PACIFIC should be held liable for the debt owed by JINJIANG to Plaintiffs.

20. Each of the C.O.A.s provides for the arbitration of disputes in Beijing, P.R.C., and Plaintiffs reserve their right to arbitrate their claims, pursuant to 9 U.S.C. § 8.

21. Arbitrators in Beijing routinely award interest, arbitrators' fees, and legal fees and costs to the successful party.

22. Plaintiffs estimate they will recover interest of at least US$98,065 at a rate of 8% compounded quarterly for a period of three years, defense costs of at least US$50,000, legal costs of prosecuting their claim against Defendants of at least US$50,000 and arbitral costs of at least US$60,000.

23.     The total amount for which Plaintiffs seek issuance of Process of Maritime Attachment and Garnishment herein is **US$599,732**.

24.     Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendants conduct business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiffs pray:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of **US$599,732** to secure the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.     That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the Beijing arbitration award.

      D.    That Plaintiffs may have such other, further and different relief as may be just and proper.

Dated: New York, NY
         June 13, 2008

                Respectfully submitted
                BLANK ROME, LLP
                Attorneys for Plaintiffs
                GUANGZHOU OCEAN SHIPPING CO.
                and COSCO SHIPPING CO. LTD.

                By _____
                    Jack A. Greenbaum (JG 0039)
                The Chrysler Building
                405 Lexington Ave.
                New York, NY 10174-0208
                (212) 885-5000
                jgreenbaum@blankrome.com

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiffs.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiffs are that Plaintiffs are foreign corporations, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiffs.

_____
Jack A. Greenbaum

Sworn to before me this
13th day of June, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Cate Filed in New York County
Comm. Expires Nov. 30, 2009

311510.1
900200.00001/6641850v.1

7

BLANK ROME, LLP
Attorneys for Plaintiffs
GUANGZHOU OCEAN SHIPPING CO.
and COSCO SHIPPING CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
jgreenbaum@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUANGZHOU OCEAN SHIPPING CO. and COSCO SHIPPING CO. LTD., <br><br> Plaintiffs, <br><br> -against- <br><br> JINJIANG SHIPPING CO., LTD., TBS LOGISTICS (HK) LTD., and GREAT PACIFIC SHIPPING CO. LTD., <br><br> Defendants. | 08 Civ. 5411 (PAC) <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1.   I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiffs herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiffs' request for the issuance of process of maritime attachment and garnishment of the property of defendants, JINJIANG SHIPPING CO., LTD., TBS LOGISTICS (HK) LTD., and GREAT PACIFIC SHIPPING CO. LTD.

129962.00601/6646489v.1

("Defendants"), foreign corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendants are parties to a maritime contract of charter party and are foreign corporations, with no offices or places of business in this Judicial District.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendants in this judicial district or the state of New York. In the circumstances, I believe Defendants cannot be found within this district.

*[signature]*
JACK A. GREENBAUM

Sworn to before me this
13th day June, 2008
*[signature]*
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires NOV 30, 2009